IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEVIN GARNES,** | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : No. 24-_____ |
| **SOUTHEASTERN PENNSYLVANIA TRANSIT AUTHORITY, OFFICER PRATT and OFFICER ZIPPATA,** | : JURY TRIAL DEMANDED |
| Defendants. | : |

**COMPLAINT**

**I.     INTRODUCTION**

1. On March 1, 2024, Plaintiff Kevin Garnes, entered the SEPTA Market-Frankford Line subway train ("MFL") station at Tioga Street, to travel to Center City Philadelphia. He was approached by two SEPTA police officers, defendants Pratt and Zippata (first names not known) who asked where he was going. Plaintiff replied that he was traveling downtown. At that point, the defendant officers demanded identification, but when Plaintiff did not immediately provide identification, the defendant officers threw him to the ground, handcuffed him and pepper sprayed him directly into his eyes. The defendant officers physically restrained Plaintiff, accusing him of criminal conduct at the Allegheny Street SEPTA station; these assertions were without legal foundation.

2. The defendant officers had no probable cause or reasonable suspicion to detain, question, frisk, or search Plaintiff, and they had no legitimate grounds to use force in this unlawful stop and investigation. As a result of the conduct of the individual defendants and of

defendant SEPTA's failure to train, supervise, and discipline SEPTA police officers, Plaintiff suffered physical pain and suffering and emotional trauma. Plaintiff brings this action under 42 U.S.C. § 1983 to hold the defendants accountable for the violations of his constitutional rights.

## II.   JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), and 1367(a).

9. This Court is the proper venue pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in the Eastern District of Pennsylvania.

## III.   PARTIES

10. Plaintiff Kevin Garnes is a resident of Philadelphia, Pennsylvania.

11. Defendant Southeastern Pennsylvania Transportation Authority ("SEPTA") is a governmental agency that owns, operates, manages, directs, and controls the SEPTA Police Department, which employed the individual defendants in March 2024.

12. Defendant Pratt and Zippata were at all times relevant to this Complaint, police officers employed by SEPTA. They are sued in their individual capacities.

13. At all times relevant to this Complaint, all defendants acted under color of state law. All defendants are jointly and severally responsible for the harm caused to plaintiffs.

## IV.   FACTS

1. On March 1, 2024, around 7 p.m., Plaintiff Garnes entered the SEPTA MFL at the Tioga Street station. He was approached by defendants Pratt and Zippata who asked where he was going, and he replied that he was taking the MFL downtown. When Plaintiff failed to immediately provide identification, the defendant officers threw him to the ground, handcuffed him and pepper sprayed him in his eyes. The defendant officers physically restrained Plaintiff,

crudely accusing him of criminal conduct at the Allegheny Street station, of which Plaintiff had no knowledge or participation. Plaintiff informed the officers that he lived one block away from the Tioga Station and had not been at Allegheny Street.

14. The defendant officers had no probable cause or reasonable suspicion to detain, question, frisk, or search Plaintiff and had no legitimate grounds to use force in this unlawful stop and investigation.

15. Plaintiff was detained for over half an hour at the MFL station, and the individual defendants released him after a SEPTA supervisor reviewed the situation and determined that there were no grounds to detain or arrest Plaintiff.

16. Plaintiff suffered and continues to suffer from damage caused by the pepper spray to his eyes, and psychological trauma.

17. Plaintiff filed a complaint with SEPTA's Internal Affairs Bureau ("IAB"). On July 20, 2024, the IAB "exonerated" the individual defendants on the claim of improper use of force, notwithstanding the lack of evidence to detain, search, or use force against Plaintiff. There was no specific finding regarding the detention and search of Plaintiff.

18. SEPTA has failed with deliberate indifference to address incidents of illegal detentions and excessive force by its police officers and has failed to provide adequate training, supervision and discipline to prevent the types of illegal detentions and use of unreasonable force suffered by Plaintiff.

19. In the period 2013 to the date of the incident with Plaintiff, SEPTA officers engaged in a pattern and practice of unconstitutional detentions and use of force, as shown by the following:

a. In a civil action, Richard Schafferman alleged that in July 2013, two SEPTA officers arrested him without justification, punched him, kicked him, and struck him in the head with a baton. His civil case, No. 2:15-cv-03731, against SEPTA settled in 2016.[1]

b. In June 2015, a SEPTA officer was investigated by internal affairs for grabbing a man by the throat and throwing him against the wall of the subway train while the man was holding his infant daughter. SEPTA Police Chief Nestel took public responsibility for the incident claiming that it was "a failure on [his] part" that the officer believed this level of force was appropriate in response to an allegation of fare evasion.[2] The officer was not fired.

c. A man died in SEPTA police custody in October 2015 after a SEPTA police officer tased him ten times in two minutes and failed to take him to the nearest hospital. The officer was returned to active duty a few months later.[3]

d. In June 2016, a SEPTA officer detained a man at the Frankford Transportation Center, handcuffed him, then slammed him into the ground without

---

[1] Lacey McLaughlin, *Man sues SEPTA police over alleged civil rights violation,* PENNSYLVANIA RECORD (July 17, 2015), *available at:* https://pennrecord.com/stories/510627203-man-sues-septa-police-over-alleged-civil-rights-violation.

[2] Vince Lattanzio, *Dad Holding Daughter Arrested for Evading El Fare, But Questions Remain Over Use of Force,* NBC PHILADELPHIA (June 26, 2015), *available at:* https://www.nbcphiladelphia.com/news/national-international/septa-talks-about-caught-on-video-arrest-that-went-viral/62632/.

[3] Associated Press, *Death of Man Hit by Stun-Gun on SEPTA Tracks Was Drug-Related: Report,* NBC PHILADELPHIA (March 7, 2016), available at: https://www.nbcphiladelphia.com/news/local/man-tased-by-police-on-septa-tracks-died-of-overdose-investigators/157505/.

justification.[4] SEPTA not only permitted the officer, Matthew Sinkiewicz, to remain on the force, but promoted him to Sergeant. *See infra,* ¶ 19(g).

e. In April 2018, two SEPTA officers were arrested and charged with beating a man on the subway platform of the Frankford Transportation Center in December 2017 after breaking his nose and leaving him with a concussion.[5]

f. In January 2019, SEPTA officers pepper sprayed and beat homeless people with batons in their efforts to force them to leave Suburban Station on a below-freezing night, drawing criticism and concerns from community members and homeless advocacy organizations.[6]

g. On May 30, 2020 Hannah Bachism and Joseph Rupprecht attended a peaceful demonstration at the Municipal Services Building. SEPTA police Sergeant Matthew Sinkiewicz, along with other officers, without cause or justification, attacked the protesters including Bachism and Rupprecht. Sgt. Sinkiewicz was armed with a baton and struck Bachism in the head and arm, causing traumatic head injury. Sgt. Sinkiewicz then attacked Rupprecht, striking him on the head with his baton causing a concussion and profuse bleeding that

---

[4] Olivia Exstrum, *SEPTA cop, seen in video roughing up man, keeps job,* PHILADELPHIA INQUIRER *(July 1, 2016), available at:* https://www.inquirer.com/philly/news/20160702_SEPTA_cop_seen_in_video_roughing_up_man_keeps_job.html

[5] Mensah M. Dean, *Two ex-SEPTA cops charged with beating man at Frankford station,* PHILADELPHIA INQUIRER (April 12, 2018), *available at:* https://www.inquirer.com/philly/news/septa-cops-charged-beating-man-frankford-station-20180412.html.

[6] Jason Laughlin, *SEPTA police used pepper spray, batons on homeless people in Philly*, THE MORNING CALL (Feb 8, 2019), *available at*: https://www.mcall.com/news/breaking/mc-nws-septa-homeless-clash-20190208-story.html.

5

       required ten staples to close. Sgt. Sinkiewicz, who had engaged in similar misconduct in 2016, *see 19(d), supra,* was criminally charged with assault and Bachism and Rupprecht's civil lawsuit against SEPTA, no. 2:22-cv-02041, settled in January 2023.

    h. In May 2022, video emerged of multiple SEPTA police officers assaulting a young woman while she sat on a bench at the Frankford Transportation Center, hitting her in the head then tasing her.[7]

20.    In a 2001 wrongful death claim against SEPTA police, Judge James McGirr Kelly cautioned against SEPTA's failure to train, noting that, "the Court is disturbed by SEPTA's careless attitude towards the training of its officers" and warned that "SEPTA should not wait until the next fatal shooting to better train its police force." *Davis v. SEPTA (In re Estate of Davis)*, 2001 WL 1632142 at *8 (E.D. Pa December 20, 2001).

21. Given this documented history of excessive force and warnings issued by the community and courts, by March 2024, SEPTA leadership was on notice that SEPTA officers needed training, supervision, and discipline to prevent further instances of excessive force, but with deliberate indifference, SEPTA has failed to implement appropriate measures.

---

[7] Aubrey Whelan, *SEPTA police investigating video showing officers hitting, Tasing woman in Frankford,* PHILADELPHIA INQUIRER (May 11, 2022), *available at:* https://www.inquirer.com/news/philadelphia/setpa-taser-woman-frankford-police-20220511.html.

## V.  CAUSES OF ACTION

**Count 1**
**Plaintiff v. Individual Defendants**
**Unlawful Detention and Unlawful Use of Force**

22. The actions of the individual defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from detention search, and seizure without reasonable suspicion or probable cause and to be free from the unreasonable use of force.

**Count 2**
**Plaintiff v. Defendant SEPTA**
**Municipal Liability**

23. The violations of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, their damages, and the conduct of individual defendants were directly and proximately caused by the actions and/or inactions of defendant SEPTA, which encouraged, tolerated, ratified and was deliberately indifferent to the need for effective training, supervision, and discipline to prevent the violation of the rights of civilians.

**Count 3**
**Plaintiff v. Individual Defendants**
**States Law Claims**

24. The actions of the individual defendants constitute the torts of false arrest and detention and assault and battery under the laws of the Commonwealth of Pennsylvania.

## VI. Requested Relief

Wherefore, Plaintiff respectfully requests:

A. Compensatory damages as to all defendants;

B. Punitive damages as to the individual defendants;

C. Reasonable attorneys' fees and costs;

D. Such other and further relief as may appear just and appropriate.

Plaintiffs hereby demand a jury trial.

Respectfully submitted,

/s/ David Rudovsky
David Rudovsky
Attorney No. 15168

/s/ Grace Harris
Grace Harris
Attorney No. 328968

KAIRYS, RUDOVSKY, MESSING, FEINBERG, & LIN, LLP
718 Arch Street, Suite 501S
Philadelphia, PA 19106
(215) 925-4400
drudovsky@krlawphila.com
gharris@krlawphila.com

*Counsel for Plaintiff*